1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIE BISHOP,

                    Plaintiff,

       v.

JOSEPH ZILLEN, *et al.*,

                    Defendants.

CASE NO. 2:23-cv-00935-RSL

ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

      This matter comes before the Court on "Defendant's Motion for Summary Judgment." Dkt. # 17. Plaintiff alleges that defendant Joseph Zillen was negligent insofar as he breached a duty to maintain a proper lookout while operating a sailing vessel in the vicinity of Lopez Island, Washington. Dkt. # 1-1 at ¶ 4.1.[1] As a result, the vessel struck something in the water, causing plaintiff to be knocked off her feet and to suffer a head injury. Defendant seeks dismissal of the negligence claim asserted against him.[2]

---

[1] Plaintiff also alleges that defendant failed to provide medical care to plaintiff when she was injured on the vessel. Dkt. # 1-1 at ¶ 4.1. This claim has been withdrawn. Dkt. # 21 at 2.

[2] The complaint also names "Pat Doe Zillen," described as Mr. Zillen's spouse, as a defendant. Neither party makes any arguments on behalf of or against that defendant.

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

The parties generally agree that the vessel on which they were traveling struck something in the vicinity of Lopez Island on July 5, 2020, throwing plaintiff off balance and causing injury. Important navigational details, such as the location of the vessel and the tide levels when the incident occurred, are in dispute, however. Plaintiff recalls motoring out of Fisherman's Bay (or out of wherever they had been moored) before the allision occurred. Dkt. # 19-1 at 34. *See also* Dkt. # 23 at 10-11 (expert, relying on plaintiff's statement that they were under power and in open water when the incident occurred, asserts that "The *Hale Kai* was enroute from Fisherman's Bay southbound when the accident occurred."). Defendant believes they were just going into the channel that leads to Fisherman's Bay when they hit something. Dkt. # 22 at 9 and 13. Both parties estimate that the allision occurred in the early afternoon of July 5, 2020. Dkt. # 19-1 at 38; Dkt. # 22 at 10.

In support of her claim that defendant failed to maintain a proper lookout, plaintiff produced an expert report stating:

> It is my opinion that [Mr.] Zillen was negligent in his duties to safely navigate the *Hale Kai* on the planned route. It is unknown if the vessel struck submerged shoreline or rocky reefs, or if a log or floating object was impacted in the course of travel. The responsibility of a vessel operator is to accurately track the vessel's position, proceed at a safe speed, observe the path of travel for impediments which may endanger the vessel, and to communicate with, and safely negotiate vessel traffic. By his lack of

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

observation and recognition of impending navigational hazards, [Mr.] Zillen failed to exercise prudent and safe seamanship, causing Ms. Bishop to become injured.

Dkt. # 23 at 12. Defendant moved for summary judgment, arguing that there was no evidence from which a reasonable fact finder could conclude that Mr. Zillen had failed to do any of the things listed by the expert. It is undoubtedly true that there is evidence from which a reasonable jury could conclude that Mr. Zillen was at the helm of the *Hale Kai* at the time of the allision, was traveling at idle speed with the vessel's navigational systems activated, and was generally behaving in a non-negligent manner. Dkt. # 18 at ¶ 7. *See Barnett v. U.S.*, 650 F. Supp. 3d 412, 438 (D.S.C. 2023), *aff'd*, No. 23-2221, 2025 WL 849903 (4th Cir. Mar. 19, 2025) (noting that under maritime law, "a vessel can certainly be piloted with due care yet still strike an invisible or underwater obstruction . . . ."). There is also evidence that could support a finding of negligence. Mr. Zillen knew that the entrance to Fisherman's Bay was narrow and shallow, he knew that there were rocks in the area, he knew or should have known that his vessel's keel was only 6" above the low mean tide in the area, and he admitted that he was going too fast and was not watching out for rocks as he should have been in the circumstances. Dkt. # 19-1 at 35; Dkt. # 22 at 11-12; Dkt. # 23 at ¶ 4; Dkt. # 24 at ¶ 4. The Court will not resolve this factual dispute in the context of a motion for summary judgment.

Defendant requests that the declarations of Ms. Bishop and her expert, Captain Charles Jacobsen, be excluded as inadmissible hearsay. Dkt. #26 at 7. Defendant does not explain why a maritime expert evaluating the reasonableness of a captain's conduct may

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 4

not reasonably rely on a NOAA Coast Survey Chart when developing his opinions. Nor has he shown that admissions of a party opponent, as recounted by Ms. Bishop, fall within the definition of hearsay under Fed. R. Ev. 802(d)(2)(A). The evidentiary objections are overruled.

Defendant also argues that plaintiff should be precluded from asserting that Mr. Zillen's decision to take the *Hale Kai* into Fisherman's Bay was, in and of itself, negligent. The complaint is very specific: plaintiff's negligence theory was based on an alleged failure to maintain a proper lookout. At the time the complaint was drafted, plaintiff knew very little about the collision or its causes, being relatively unfamiliar with navigating a vessel and having descended below deck shortly before the allision occurred. Defendant's December 2024 deposition provided additional information regarding where the vessel was at the time of the incident, and her expert used that information to revise his opinions weeks before the close of discovery. The fact that defendant filed his motion for summary judgment two days after his deposition and months before the dispositive motion deadline did not otherwise curtail the discovery period or make untimely the expert's supplemental report. Nor has defendant shown any sort of prejudice arising from the assertion of this second theory of negligence.[3] It is, after all, arguably related to the first and relies on much of the same evidence. Plaintiff intends to argue that, knowing what Mr. Zillen knew about

---

[3] Fed. R. Civ. P. 15(b)(1) provides if "a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." While this rule applies to evidence admitted at trial, the analysis is equally applicable in the context of a motion for summary judgment.

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 5

the vessel, the channel conditions, and the tides, he had a duty to keep a lookout for underwater obstacles, and the breach of that duty caused plaintiff's injuries. If, as anticipated, defendant argues that it was simply impossible to see underwater obstacles no matter how diligently one searched, plaintiff would be permitted to argue that the prudent thing to do in those circumstances would have been to abandon the plan to visit Fisherman's Bay altogether.

For all of the foregoing reasons, defendant's motion for summary judgment is GRANTED in part. Plaintiff's claim of negligence related to the failure to provide medical care or treatment is DISMISSED.

Dated this 22nd day of April, 2025.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 6